**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **NOVA BENEFIT PLANS, LLC,** | ) | **CASE NO. 8:10CV335** |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **COMMISSIONER OF INTERNAL** | ) | |
| **REVENUE,** | ) | |
| | ) | |
| **Respondent.** | ) | |

This matter is before the Court on the Motion to Dismiss or Deny the Petition to Quash and for Enforcement of the Summons (Filing No. 17) filed by the Respondent Commissioner of Internal Revenue.  Also before the Court is the Petitioner's Motion for Leave to File a Sur-Reply (Filing No. 24).  The Court has reviewed the parties' briefs and indexes of evidence in support of their positions, and will grant the Respondent's Motion to Dismiss, deny the Petitioner's Motion to File a Sur-Reply, and dismiss the Petitioner's Petition to Quash Summons (Filing No. 1).

**BACKGROUND**

The parties' briefs and indexes of evidence show that the following essential facts are not in dispute.  On August 18, 2010, Cynthia Wong ("Agent Wong"), an agent with the Internal Revenue Service ("IRS") issued a third-party administrative summons (the "Summons") under 26 U.S.C. 26 U.S.C. § 7602, to Washington National Insurance Company ("Washington National") in Lincoln, Nebraska.  The Summons pertained to the IRS investigation of the income tax liability of Dr. Joseph Reddy ("Dr. Reddy") of San Diego, California, under 26 U.S.C. § 7601, for the years 2005 and 2006.  Because Petitioner Nova Benefit Plans, LLC ("Nova") was mentioned in the summons, the IRS sent

Nova notice of the Summons on August 23, 2010, in compliance with 26 U.S.C. § 7609. The Summons generally requested documents relating to life insurance products issued or marketed to Dr. Reddy.  It also made several requests seeking information on Washington National's relationships with other entities and insurance products.  The provisions in the Summons directly referencing Nova requested that Washington National produce:

> 4.    All documents reflecting the relationship between Washington National and NOVA Benefit Plans, LLC with respect to any and all life insurance products that were in effect at any time during the period beginning January 1, 2005 through the date this summons was issued.
>
> 5.    All agreements between Washington National and NOVA Benefit Plans, LLC regarding the marketing, advertising and/or sales of any or all of the life insurance products that were in effect at any time during the period beginning January 1, 2005 through the date this summons was issued.

(Filing No. 2-2 at 10.)

The Summons also referenced the Sickness Accident Disability Indemnity Plan & Trust ("SADI Trust") and Wayne H. Bursey, who is identified in Nova's brief as the president of Nova.  These provisions requested:

> 6.    All documents reflecting the relationship between Washington National and Sickness Accident Disability Indemnity Plan & Trust with respect to any and all life insurance products that were in effect at any time during the period beginning January 1, 2005 through the date the summons was issued.
>
> 7.    All agreements between Washington National and Sickness Accident Disability Indemnity Plan & Trust regarding the marketing, advertising and/or sales of any or all of the life insurance products that were in effect at any time during the period beginning January 1, 2005 through the date this summons was issued.
>
> 8.    All documents reflecting the relationship between Washington National and Wayne H. Bursey with respect to any and all life insurance

2

products that were in effect at any time during the period beginning January 1, 2005 through the date this summons was issued.

9.      All agreements between Washington National and Wayne H. Bursey regarding the marketing, advertising and/or sales of any or all of the life insurance products that were in effect at any time during the period beginning January 1, 2005 through the date this summons was issued.

10.      All agreements between Washington National and any and all persons or entities other than NOVA Benefit Plans, LLC, the Sickness Accident Disability Indemnity Plan & Trust, the Trustee of the Sickness Accident Disability Indemnity Plan & Trust regarding the marketing, advertising, and sales of any and all of the life insurance products that were in effect at any time during the period beginning January 1, 2005 through the date this summons was issued.

(Filing No. 2-2 at 10-11.)

Nova claims that on April 13, 2010, the United States District Court for the Eastern District of Wisconsin issued a federal grand jury subpoena to Nova, seeking a broad array of documents.  Nova also claims that on April 20, 2010, armed agents from the Criminal Investigation Division of the IRS raided the premises that Nova shares with several other entities, pursuant to search warrant issued by the United States District Court for the District of Connecticut, authorizing the seizure of materials relating to "419 Plans."  Nova claims that the documents sought from Washington National came into the possession of the IRS, pursuant to that raid.  Nova asks that the Court quash the Summons in its entirety or, in the alternative, stay adjudication of Nova's petition until the criminal investigation of Nova has been completed.  The IRS seeks to dismiss or deny the petition to quash, and for summary enforcement of the Summons.

## DISCUSSION

"In order to encourage effective tax investigations, Congress has endowed the IRS with expansive information-gathering authority."  *United States v. Arthur Young & Co.*, 465

3

U.S. 805, 816 (1984). Title 26 U.S.C. § 7602(a) grants the IRS broad authority to issue summonses in connection with tax investigations. When a petition to quash an IRS summons is filed, the IRS may, in that proceeding, also seek to compel compliance with the summons. § 7609(b)(2)(A). Such enforcement proceedings are summary in nature. *See Robert v. United States*, 364 F.3d 988, 994 (8th Cir. 2004); *United States v. Moon*, 616 F.2d 1043, 1047 (8th Cir. 1980). "While § 7602 is subject to the traditional privileges and limitations, any other restrictions upon the IRS summons power should be avoided absent unambiguous directions from Congress." *Arthur Young*, 465 U.S. at 816 (internal citations and quotations omitted). The Supreme Court has identified four factors that the government must show to establish a prima facie case to enforce a summons: (1) the investigation is conducted pursuant to a legitimate purpose; (2) the inquiry is relevant to that purpose; (3) the information sought is not already within the IRS's possession; and (4) the administrative steps required by the Internal Revenue Code have been followed. *United States v. Powell*, 379 U.S. 48, 57-58 (1964).

If the IRS meets its burden of establishing a prima facie case, the opponent of the summons can rebut the IRS's case by successfully challenging any of the *Powell* factors or by demonstrating that enforcement of the summons would result in an "abuse" of the court's process. *Id.* at 58. However, district courts should be "slow to erect barriers to enforcement of IRS summonses where the summonses are being used to further the IRS mission of effectively investigating taxpayer liabilities." *Robert v. United States*, 364 F.3d 988, 996 (8th Cir. 2004). As such, the burden on the IRS to establish its prima facie case is "slight," and the burden to rebut one or more of the *Powell* factors is great. *Id.* (citing

4

*United States v. Claes*, 747 F.2d 491, 494 (8th Cir. 1984) ("That burden is a heavy one. The party must show either that the IRS is acting in bad faith or that the IRS has abandoned any civil purpose in the investigation.")).

**The Prima Facie Case**

The Court first finds that the IRS has met its minimal burden of establishing a prima facie case based on the declaration of Agent Wong.  "The Commissioner may establish a prima facie case for enforcement of a summons by a 'minimal showing of good faith compliance with summons requirements.'"  *United States v. Norwood*, 420 F.3d 888, 892 (8th Cir. 2005) (quoting *United States v. Moon*, 616 F.2d 1043, 1046 (8th Cir. 1980).  "Such good faith can be demonstrated by the affidavit on an IRS agent."  *Id.*

Agent Wong's declaration (Filing No. 19-1) demonstrates good faith on each of the *Powell* factors.  First, her affidavit establishes that the Summons was issued for a proper purpose.  Agent Wong states that she is investigating the income tax liability of Dr. Reddy, and the information requested may shed light on the tax treatment of certain insurance products as they relate to Dr. Reddy.  Second, Agent Wong shows that the information requested is relevant to Dr. Reddy's income tax liability.  The requested documents may aid in determining the tax treatment of certain insurance products and whether that treatment affects deductions claimed by Dr. Reddy.  Third, Agent Wong states that the IRS does not possess the records requested by the summons and, to date, Washington National has failed to produce them.  Last, the IRS has followed all administrative steps. Agent Wong testifies that all the administrative steps have been taken in serving the summons upon Washington National and all persons identified in the Summons.  Further,

5

the declaration states that there has been no referral with respect to Dr. Reddy to the United States Department of Justice. *See* 26 U.S.C. § 7602(d). Each of the *Powell* factors are shown, in good faith, by Agent Wong's declaration, and the IRS has met its minimal burden of establishing a prima facie case.

**Petitioner Rebuttal**

The Court finds that Nova has not successfully challenged any of the *Powell* factors or established that enforcement of the summons would abuse the judicial process.

**1.      Improper Purpose**

First, Nova argues that the Summons was issued for an improper purpose because Dr. Reddy is not the focus of the vast majority of documents sought by the Summons, making the requests overbroad. In other words, Nova claims that the IRS is conducting a fishing expedition to obtain information about the relationship between Nova and Washington National.

In its Petition to Quash, Nova claims that the IRS is acting to "circumvent its own agreements with counsel, so ordered by the District of Connecticut . . . [m]ore specifically, by agreement with counsel, so ordered by the Court, the Government is not supposed to review the hundreds of boxes of documents it seized in the April 20, 2010 Raid." (Filing No. 1, Petition, at 7.) The Court's own review of the docket in the Connecticut case does not cast light on how the IRS may be violating any agreement or court order. The motion attached to Nova's Index of Evidence (Filing No. 2-3) was denied as moot by the District of Connecticut. *See Pettibone Tavern LLC, et al. v. IRS*, Case No. 3:10-mc-64-AVC, Filing No. 31 (D. Conn. Sept. 13, 2010). Further, Nova has not submitted as evidence or

6

otherwise identified an order or stipulation that shows the IRS agreed it would not review illicitly obtained documents.[1]   Thus, the evidence does not support Nova's claim that the IRS is "circumventing an order of the District of Connecticut" or "undermin[ing] the public trust in our federal government."  (Filing No. 1, Petition, at 3.)

## 2.    Relevance

Nova claims that the Summons is wholly irrelevant to a determination of Dr. Reddy's tax liability.  Section 7602(a)(1) of the Internal Revenue Code, with regard to tax liability inquiries, permits the IRS "[t]o examine any books, papers, records, or other data which *may be* relevant or material to such inquiry." (Emphasis added).  The relevance of an IRS summons "is not to be judged by the relevance standards used in deciding whether to admit evidence in federal court."  *Arthur Young*, 465 U.S. at 814.  The Supreme Court stated that the "may be" language in the statute "reflects Congress' intention to allow the IRS to obtain items of even *potential* relevance to an ongoing investigation, without reference to its admissibility."  *Id.* (emphasis in original).  Thus, to demonstrate that the Summons fails on this issue, Nova must show that the requests lack even *potential* relevance to the IRS investigation of Dr. Reddy.

--------

[1] The docket in Case No. 3:10-mc-64-AVC, from the District of Connecticut shows one stipulation entered into by the petitioners in that case and the United States Government.  Nova was not a party to the stipulation, nor does Nova establish a connection with any of the parties to the stipulation.  Even if the stipulation applied to Nova, it clearly states that the IRS would have the opportunity to copy the originals before returning them.  *See Pettibone Tavern LLC, et al. v. IRS*, Case No. 3:10-mc-64-AVC, Filing No. 43 (D. Conn. Sept. 13, 2010).  The subsequent order merely puts judicial force behind the agreement.  However, the Court notes that it is impossible to determine if this is the agreement and order, if any, Nova refers to because Nova fails to identify a specific order or agreement.

Nova argues that even if the documents requested make the IRS investigation easier by providing a greater understanding of Nova's relationship to Washington National, the Summons exceeds the boundaries of good faith.  Nova argues that this case is analogous to *United States v. Matras*, 487 F.2d 1271 (8th Cir. 1973).  In *Matras*, the IRS sought company-wide budgets to aid a routine income tax investigation. *Id.* at 1272.  The district court found that general budgets "are only a projection of what the actual transactions would be," and held that the request was therefore not relevant to the IRS investigation.  *Id.*  The Eighth Circuit affirmed stating that requests for a general budget merely provided a "road map" that would make the investigation more convenient, but imposed unnecessary burdens on the party subject to the summons.  *Id.* at 1274.

The requests made by the IRS in this case are distinguishable.  Agent Wong's declaration states that the requests are for the purpose of determining the tax implications of Dr. Reddy's participation in certain life insurance products.  Thus, while the requests seek a broad array of documents, they are more than a general "road map" because they relate to Washington National's relationships with the specific entities and insurance products in question.  Thus, unlike the general budget requests in *Matras*, the documents sought by the IRS in this case aid in the understanding of actual transactions.  For example, the tax treatment relative to Dr. Reddy's participation in the life insurance products for periods of time, even after 2006, could shed light on the tax treatment that should be given to the products during 2005 and 2006.  Thus, the evidence does not suggest that, solely for the sake of convenience, the IRS has imposed unnecessary burdens on Washington National.

8

Nova also claims that this case is comparable to *United States v. Monumental Life Ins. Co.*, 440 F.3d 729 (6th Cir. 2006). In *Monumental Life*, an IRS summons requested from an insurance company, a "voluminous amount of highly sensitive proprietary information about [the insurance company's] general administration of its products." *Id.* at 736. In contrast, the requests in this case relate solely to Washington National's relationship to Nova and other entities regarding the SADI Trust, they do not seek information regarding Washington National's general administration. Other than Nova's claims to the contrary, there is no evidence that the requests have *no* potential to reveal information bearing on Dr. Reddy's tax liability, nor that compliance with the requests would be overly burdensome.[2] Thus, based on the evidence in the record, the Court cannot conclude that the documents requested are clearly irrelevant, and Nova has not met its heavy burden.

### 3.   Documents Already in Possession of the IRS

Nova next argues that the documents requested are already in possession of the IRS as a result of the April 20, 2010, IRS raid. Nova also claims that it already has complied with the IRS investigation of Dr. Reddy. Other than these general claims, Nova does not specify what was seized in the hundreds of boxes allegedly removed from its premises. In sum, there is no evidence that the documents and information sought by the Summons are already in the possession of the IRS.

### 4.   Administrative Steps

---

[2] Nova suggests that the IRS may be trying to circumvent the more strict "John Doe" requirements of 26 U.S.C. § 7609(f). However, the Summons identifies Dr. Reddy and therefore the rigid requirements of § 7609(f) do not apply.

9

Nova finally argues that the IRS's purpose in seeking documents through the Summons is improper because NOVA is under an ongoing criminal investigation by the IRS.  (Filing No. 18, Petition, at 3.)  There is no evidence of a referral to the Department of Justice as defined by 26 U.S.C. § 7602(d)(2) to show the existence of an ongoing criminal investigation of Dr. Reddy.  However, Nova claims that § 7602(d)(2) bars the Summons to Washington National because Nova is under a criminal investigation. However, the IRS seeks records from Washington National, not Nova itself.  Further, although Nova claims that the Eastern District of Wisconsin issued a grand jury subpoena, and the District of Connecticut issued a search warrant, it has not included any documentation of criminal proceedings in the record.  The Court's own cursory search of both courts' dockets fails to reveal evidence of ongoing criminal proceedings against Nova. Thus, even if a Justice Department referral against Nova has been made, there is no evidence of such proceedings and the Court cannot conclude that these allegations are sufficient to meet Nova's heavy burden.  The IRS has properly served copies of the Summons to Washington National Insurance Company and given notice of the Summons to the parties identified in the Summons as required by IRC Sections 7602, 7603, and 7609.  Further, there is no evidence of a Justice Department referral against Dr. Reddy, Washington National, or Nova itself.  Thus, Nova has not shown that the IRS failed to follow proper administrative steps.

## CONCLUSION

Agent Wong's declaration satisfies the minimal burden placed on the IRS to establish its prima facie case.  Nova has not presented sufficient evidence to meet its burden of rebutting any element of that prima facie case.  The arguments contained in

Nova's proposed sur-reply brief do not alter the Court's analysis, and are unnecessary. Nova has failed to establish that the IRS is acting in bad faith or that the IRS has abandoned any civil purpose in the investigation. Therefore, the Court will grant the motion filed by the IRS, and order enforcement of the Summons.

Accordingly,

IT IS ORDERED:

1.    Petitioner's Petition to Quash the IRS Summons (Filing No. 1) is dismissed;

2.    Respondent's Motion to Dismiss or Deny Petition to Quash and for Enforcement of the Summons (Filing No. 17) is granted;

3.    Petitioner's Motion for Leave to File Sur-Reply (Filing No. 24) is denied;

4.    This action is dismissed, with prejudice, and

5.    A separate judgment will be entered.

DATED this 1st day of February, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge