IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **NOVA BENEFIT PLANS, LLC,** | ) | **CASE NO. 8:10CV335** |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **COMMISSIONER OF INTERNAL REVENUE,** | ) ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on the Motion to Amend Judgment (Filing No. 28) and the Motion for Protective Order Staying Compliance with the Summons (Filing No. 30) filed by Petitioner Nova Benefit Plans, LLC. For the reasons discussed below, both Motions will be denied.

## BACKGROUND

Petitioner Nova Benefit Plans, LLC ("Nova") brought this action seeking to quash an IRS summons to Washington National Insurance Company ("Washington National"), pertaining to the IRS investigation of the income tax liability of Dr. Joseph Reddy ("Dr. Reddy"). In its Order of February 1, 2011 (Filing No. 26), the Court granted the Respondent's Motion to Dismiss or Deny the Petitioner's Motion to Quash, and entered a Judgment (Filing No. 27) in favor of Respondent. Nova now requests that the Court amend its Order and Judgment under Federal Rule of Civil Procedure 59(e). Nova argues the Court committed clear legal error by concluding there was no criminal investigation pending against Nova. In support of its Motion, Nova has included an Index of Evidence that includes the subpoena issued to Nova to appear before the grand jury in the United States District Court for the District of Wisconsin. (Filing No. 29-3.)

## DISCUSSION

Motions under Rule 59(e) "serve the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoting *Innovative Home Health Care v. P.T.-O.T. Assoc. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)). "To prevail on a Rule59(e) motion, the movant must show that (1) the evidence was discovered after trial; (2) the movant exercised due diligence to discover the evidence before the end of trial; (3) the evidence is material and not merely cumulative or impeaching; and (4) a new trial considering the evidence would probably produce a different result." *Id.*

At the time of the Court's Order, no evidence in the record conclusively established that Nova was the subject of an ongoing criminal investigation. Nothing suggests the evidence Nova now provides was unavailable at the time it filed its Petition to Quash. Further, the issue of whether an investigation of Nova was underway was merely incidental to the Court's decision. As noted in *Khan v. United States*, 548 F.3d 549, 557 (7th Cir. 2008), "[26 U.S.C.] § 7602(d)(2) applies only when the IRS has referred the taxpayer whose liabilities are at issue." Nova has not established a clear error of law as to whether Dr. Reddy, the taxpayer whose liabilities are at issue, has been referred to the Department of Justice for criminal investigation. In sum, Nova has not offered new evidence would materially alter the Court's previous Order. Accordingly,

IT IS ORDERED:

1. The Motion to Amend Judgment (Filing No. 28) filed by Petitioner Nova Benefit Plans, LLC is denied; and

2. The Motion for Protective Order Staying Compliance with the Summons (Filing No. 30) filed by Petitioner Nova Benefit Plans, LLC, is denied.

DATED this 28th day of March, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge